UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| VICKY L. HOWE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:12-CV-00387 |
| | ) | |
| ANN AMURSO, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court is a request for appointment of counsel (Docket # 18) filed by *pro se*

Plaintiff Vicky Howe in this employment discrimination case.  "When a pro se litigant submits a

request for court-appointed counsel, the district court must first consider whether the indigent

plaintiff has made reasonable attempts to secure counsel on [her] own, or conversely, if [she] has

been precluded from doing so." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2010)).

 Here, there is no evidence that Howe has contacted any attorneys concerning her case.

Her failure to satisfy this threshold requirement is fatal to her request for appointment of counsel.

*See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has

made no reasonable attempts to secure counsel (unless circumstances prevented him from doing

so), the court should deny any § 1915(d) motions outright."); *see also Romanelli*, 2010 WL

3155926, at *4; *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008); *Gil v. Reed*, 381 F.3d 649,

656 (7th Cir. 2004) ("In determining whether to appoint counsel for an indigent plaintiff . . ., a

court must 'first determine if the indigent has made reasonable efforts to retain counsel and was

unsuccessful . . . .'") (quoting *County of McLean*, 953 F.2d at 1073)).

As a result, Howe's request for appointment of counsel (Docket # 3) is DENIED.  Howe

has through April 24, 2013, to file her response brief to the Defendants' motion to dismiss

(Docket # 14).

SO ORDERED.

Enter for this 15th day of April, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge